IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE E. MITCHELL,                                )
                                                   ) Civil Action No. 09-1577
                        Plaintiff,                 )
                                                   )
                                                   ) District Judge Terrence McVerry
v.                                                 ) Magistrate Judge Lisa Pupo Lenihan
                                                   )
TOM CORBET, ANTHONY WAYNE                          )
FORRAY, HOWARD JOHNSON,                            )
LISA CEH, and DAVID FRATTARE,                      )
                                                   )
                        Defendants                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with

the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure

to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## II. REPORT

Plaintiff is a prisoner currently serving a sentence of two to four years at the State

Correctional Institution in Fayette, Pennsylvania. He brings this civil rights action pursuant to the

Civil Rights Act of 1871, 42 U.S.C. § 1983, against Pennsylvania Attorney General Thomas Corbett,

Jr., Deputy Attorneys General Anthony Forray and Howard Johnson, and Assistant Attorneys General

Lisa Ceh and David Frattare. Plaintiff alleges that Defendants Johnson, Ceh, and Frattare conspired

to conduct an illegal search and seizure at Plaintiff's home with a fraudulent warrant, commit criminal

trespass, force Plaintiff's signature and forge his initials on the Waiver of Rights, and falsify data

concerning their search. Plaintiff asserts further that Defendant Ceh manipulated and destroyed

evidence related to Plaintiff's criminal charges, and that she provided false information in an affidavit.

Plaintiff alleges that Defendant Forray withheld evidence and perjured himself and that Defendant Johnson concealed police reports and photographs. For the reasons that follow, Plaintiff's Complaint must be dismissed.

This Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The Court must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

To state a claim for relief under § 1983, the plaintiff must demonstrate that the conduct alleged in the complaint was committed by a person or entity acting under the color of state law and that such conduct caused the deprivation of rights, privileges or immunities secure d by the Constitution or the laws of the United States. Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff does assert that Defendants were acting under color of state law and that they deprived him of Constitutional rights.

Plaintiff's claim is barred, however, by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, as in the present case, the plaintiff alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed evidence. The plaintiff sought compensatory and punitive damages but did not seek release from custody. The Court ultimately determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. The Court announced:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

2

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.</u> But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted) (emphasis added).  Because Plaintiff pleaded guilty and that

conviction has been neither overturned, invalidated, nor called into question by the issuance of a writ

of habeas corpus, Plaintiff's damage claim is not cognizable under <u>Bivens</u>.  Plaintiff cannot, through

this channel, collaterally challenge his conviction.  As a judgment entered in Plaintiff's favor in this

case may call into question the legality of his conviction, Plaintiff's claim must be dismissed.

## III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with

the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure

to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule

72.D.2  of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of

service of a copy of this Order to file objections to this Report and Recommendation.  Any party

opposing the objections shall have fourteen (14) days from the date of service of objections to

respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: Jan. 5, 2010

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:    George E. Mitchell
HG - 2867
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450